# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ENGELBERTO SANTANA, ) <br> ) <br> Defendant. ) <br> ) | Criminal No. 03CR1017 J <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND FOR RELEASE [DOC. NO. 38.]** |

Before the Court is Defendant Engelberto Santana's ("Defendant") Motion to Dismiss the Order to Show Cause and for Release. [Doc. No. 38.] Plaintiff United States of America ("Plaintiff") has filed an Opposition to Defendant's Motion. [Doc. No. 39.] For the reasons discussed herein, the Court **DENIES** Defendant's Motion.

## *Background*

On November 24, 2003, this Court sentenced Defendant to thirty months in custody followed by three years of supervised release after pleading guilty to importation of marijuana in violation of 21 U.S.C. §§ 952, 960. During Defendant's term of supervised release, he was arrested and charged with wilful cruelty to a child and unlawfully obstructing a peace officer in violation of California Penal Code § 273(a)(b). On May 12, 2006, Defendant was convicted for wilful cruelty to a child and sentenced to four years of summary probation and three days jail

time.  On August 9, 2006, this Court issued a No-bail Bench Warrant and Order to Show Cause ("OSC") why supervised release should not be revoked.  Defendant was ordered released from the custody of Los Angeles County on September 25, 2006, but was held in custody because a federal warrant had been issued for his arrest.  On October 20, 2006, the arrest warrant was executed and Defendant was arrested.  On January 23, 2007, Defendant was brought before Magistrate Judge Ruben B. Brooks for an initial appearance.  On February 20, 2007, a Preliminary Revocation Hearing was held before Magistrate Judge Brooks.  Defendant now brings this Motion to Dismiss the Order to Show Cause arguing that there was an unreasonable delay in his presentation to a magistrate judge having jurisdiction, there was an unreasonable delay in executing the arrest warrant, and that revocation of supervised release is unconstitutional.  (*See* Def.'s Notice of Mot. to Dismiss at 1.)

## *Discussion*

### I. Whether the OSC Should Be Dismissed for Unreasonable Delay in Conducting a Revocation Hearing

Defendant argues that he was not brought before the Court within a reasonable time for a revocation hearing, and thus, the Order to Show Cause should be dismissed for violating Federal Rule of Criminal Procedure 32.1(b).  (*See* Def.'s Mot. to Dismiss at 3.)  Plaintiff contends that there was no unreasonable delay, and even assuming a violation by the government, Defendant has not shown that he is entitled to relief.  (*See* Pl.'s Opp'n at 3.)  For the following reasons, the Court **DENIES** Defendant's Motion to Dismiss.

Rule 32.1(b)(1)(A) provides that "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must *promptly* conduct a hearing to determine whether there is probable cause to believe that a violation occurred."  Fed. R. Crim. P. 23(b)(1)(A) (emphasis added).  Rule 32.1(b)(2) provides that "[u]nless waived by the person, the court must hold the revocation hearing *within a reasonable time* in the district having jurisdiction."  Fed R. Crim. P. 32.1(b)(2) (emphasis added).

The first issue is the point in time from which the delay in conducting a revocation hearing is measured. Defendant argues that the relevant time frame is the 165 days between the date the Order to Show Cause was issued and his initial appearance before the Magistrate Judge. (*See* Def.'s Mot. to Dismiss at 3.) Plaintiff, however, argues that the relevant time frame is the ninety-five days between the actual execution of the arrest warrant and his initial appearance. (*See* Pl.'s Opp'n at 4.)

According to the Advisory Committee's Notes to then Rule 32.1(a)(2):

> [A] final revocation hearing [is mandated to be held] within a reasonable time to determine whether the probationer has, in fact, violated the conditions of his probation and whether his probation should be revoked. Ordinarily this time will be measured from the time of the probable cause finding (if a preliminary hearing was held) or of the issuance of an order to show cause. However, what constitutes a reasonable time must be determined on the facts of the particular case, such as whether the probationer is available or could readily be made available.

Fed. R. Crim. P. 32.1 advisory committee's note. In finding that a delay was reasonable, the Ninth Circuit has considered the delay between the issuance of an order to show cause and the time of the revocation hearing. *See United States v. Clements*, 2003 WL 22400721 at \*\*1 (9th Cir. 2003) (UNPUBLISHED). Similarly, the Seventh Circuit has considered the delay between the notice of probation action and the revocation hearing. *See United States v. Rasmussen*, 881 F.2d 395, 398 (7th Cir. 1989). Thus, at the outset, it seems as though the clock begins at the time the OSC is issued.

However, courts have held that under particular circumstances, it is reasonable for the district court to await the disposition of the pending state charges. *See United States v. Blunt*, 680 F.2d. 1216, 1219 (8th Cir. 1982); *United States v. Hill*, 719 F.2d 1402, 1404 (9th Cir. 1983). Another consideration is that Rule 32.1 specifically governs individuals "held in custody for violating probation or supervised release." Fed. R. Crim. P. 32.1(b)(2); *United States v. Berry*, 814 F.2d 1406, 1410 (9th Cir. 1987) (finding that under 18 U.S.C. § 3653 the relevant time period begins with defendant's arrest). Accordingly, it seems reasonable to count from the time in which Defendant was actually held in custody for having violated supervised release. In the present case, although the arrest warrant was not executed until October 20, 2006, Defendant had been held in custody after he was ordered released by the state on September 25, 2006, due

to the issuance of a federal arrest warrant.  The relevant time would thus be the 121 days that Defendant was held for having violated supervised release.

In determining whether the delay is reasonable, courts have used the Sixth Amendment's speedy trial clause as a framework for defining the contours of a reasonable time frame in which to conduct a revocation hearing.  *See Rasmussen*, 881 F.2d at 398; *United States v. Scott*, 850 F.2d 316, 319-20 (7th Cir. 1988); *United States v. Companion*, 545 f.2d 308, 311 (2d Cir. 1976) (applying the speedy trial factors to a probation revocation hearing under 18 U.S.C. § 3653). Accordingly, in *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court held that the following factors should be balanced in assessing the delay between arrest and trial:  length of delay, reason for the delay, the defendant's assertion of her right, and prejudice suffered by the defendant.

Here, the 121 day delay (or at worst 165 day delay) gives the Court pause.  However, even longer delays are not unprecedented under certain circumstances.  In *Scott*, the Eighth Circuit, in finding a thirteen-month delay reasonable, considered the five-months that the government alleged it used to prepare for the case, the parties agreement for an extension of time, and Court's delay based on its full calendar.  *Scott*, 850 F.2d at 320.  Likewise, in deeming a thirteen-month delay reasonable, the Seventh Circuit considered the postponement of the action until the disposition of the state matter and the five months caused by the government's reassignment of the case.  *Rasmussen*, 881 F.2d at 399.  Here, however, the government has not provided a reason for the delay.

However, the delay in the present case is cushioned by the fact that the initial appearance was conducted during Defendant's term of supervised release.  Additionally, Defendant did not assert his right to a timely revocation hearing until the present Motion.  Lastly, Defendant has not alleged that he has suffered any particular prejudice from the delay.  Defendant states that it is "unreasonable to ask a supervisee to remember specific facts that could mitigate an alleged violation for a period of eight months." (*See* Def.'s Mot. to Dismiss at 4.)  Defendant also states that it is "likely that witnesses have moved, changed numbers or otherwise are now unable to testify on [his] behalf because of this unreasonable delay." (*Id.*)  According to Defendant, "[j]ob

4

opportunities expire and relationships deteriorate while a supervisee is being held in custody." (*Id.*)  However, beyond these generalities, which could likely be true, Defendant fails to put forth any specific evidence of prejudice, such as a witness that would have testified but has now moved or a job opportunity that has been lost.

Although the Court disapproves of the length of the delay, such delay is not unprecedented.  Additionally, Defendant has failed to show that he has suffered prejudice from the delay.   Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

## II. Whether the OSC Should Be Dismissed for Unreasonable Delay in Executing the Arrest Warrant

Defendant also argues that the OSC should be dismissed because there was "an unreasonable delay between the issuance and the execution of the arrest warrant." (*See* Def.'s Mot. to Dismiss at 5.)  For the reasons discussed below, Defendant's Motion to Dismiss **IS DENIED.**

The Ninth Circuit "has taken the position that a warrant for arrest based on a probation or parole violation should be executed within a reasonable time after issuance." *Hill*, 719 F.2d at 1405.  Thus, "[a] court must examine all the circumstances of the case to determine whether the warrant was executed within a reasonable time." *Id*.  In the present case, the warrant was executed twenty-five days after Defendant was ordered released from state custody, as opposed to the more than two and a half years that the warrant remained outstanding in *Hill*. *See id*.  Additionally, the warrant was executed during Defendant's supervised release term, and Defendant has not alleged any specific prejudice as a result of the delay.  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss the OSC for failure to execute the warrant within a reasonable time.

## III. Revocation of Supervised Release is Constitutional

Defendant argues that 18 U.S.C. § 3583(e) and Rule 32.1(b) are unconstitutional under *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  (*See* Def.'s Mot. to Dismiss at 7.)  Specifically, Defendant argues that revocation of supervised release is unconstitutional because it allows for an additional term of imprisonment based on facts not found by a jury.  (*See id*.)  This argument is foreclosed by *United States v. Huerta-*

5

*Pimental*, 445 F.3d 1220 (9th Cir. 2006).  In *Huerta-Pimental*, the Ninth Circuit held that the revocation of supervised release and the imposition of associated penalties are "part of the sentence authorized by the fact of conviction and require[] no judicial fact-finding," and "because the revocation of supervised release and imposition of an additional term of imprisonment is discretionary, neither violates *Booker*" nor the Sixth Amendment.  *Huerta-Pimental*, 445 F.3d at 1221.  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss based on the constitutionality of revocation of supervised release.

### *Conclusion*

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED:  April 16, 2007**

**HON. NAPOLEON A. JONES, JR.**
**United States District Judge**

cc:  All Counsel of Record